IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEFFREY JEROME WALKER,
    Petitioner,

vs.                                           Case No.:  4:19cv70/MW/EMT

MARK S. INCH,
    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Petitioner Jeffrey Jerome Walker ("Walker") filed a petition for writ of habeas corpus and supporting memorandum under 28 U.S.C. § 2254 (ECF No. 1). Respondent ("the State") filed a motion to dismiss with relevant portions of the record (ECF No. 13). Walker responded in opposition to the motion (ECF No. 15).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of the parties' pleadings and the record, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that the State's motion to dismiss should be granted.

I.   BACKGROUND

Walker's habeas petition challenges four disciplinary reports ("DRs") issued by the Florida Department of Corrections, Log #110-051410, #110-141590, #150-180842, and #150-180885 (ECF No. 1 at 1). The State contends Walker's challenges to DR Log #150-180885 are moot because the DR was overturned (ECF No. 13 at 7–9). The State contends Walker's challenges to DR Log #150-180842 are unexhausted, and his challenges to DR Log #110-051401 and #110-141590 are untimely, unexhausted, and procedurally barred (*id.* at 9–14). The State additionally contends Walker's substantive and procedural due process challenges to DR Log #110-051410, #110-141590, and #150-180842 are without merit, because none of the disciplinary decisions resulted in a deprivation of a constitutionally recognized liberty interest (*id.* at 15–23). Further, Walker completed his terms of disciplinary confinement, so his constitutional challenges to the DRs are moot (*id.* at 21).

II.   DISCUSSION

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969). "Put another way, [a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of*

*Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) (citations and internal quotation marks omitted). Whether an action is moot is a jurisdictional matter. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). "Striking at the very heart of federal subject matter jurisdiction, a mootness issue quite clearly can be raised sua sponte if not addressed by the parties." *Sannon v. United States*, 631 F.2d 1247, 1250 (5th Cir.1980) (internal footnote and citation omitted).

In *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003), the Eleventh Circuit applied the mootness doctrine to a prison disciplinary proceeding and held that where a prisoner has completed an imposed term of administrative segregation before he files his federal habeas petition, the petition is moot when filed and cannot be revived by collateral consequences. 351 F.3d at 1053 (internal quotation marks and citation omitted).

Here, the record demonstrates that with respect to DR Log #110-051410, Walker was sentenced to 30 days in disciplinary confinement on October 4, 2005 (Ex. A at 1–2).[1] Walker lost no gain time (*id.*). Walker does not dispute he completed service of his term of disciplinary confinement prior to filing this habeas action. Therefore, Walker's constitutional challenges to this DR are moot.

---

[1] The court refers to the exhibits filed with the State's motion to dismiss (ECF No. 13).

The same is true with respect to DR Log #110-141590. Walker was sentenced to 30 days in disciplinary confinement on December 5, 2014 (Ex. B at 1–2). Again, he lost no gain time (*id.*). Walker previously challenged this DR in a habeas action in this court, *Walker v. Fla. Dep't of Corr.*, Case No. 5:15cv25/MW/EMT. The court determined that Walker's petition was moot, because Walker finished service of his disciplinary sentence on December 31, 2014, prior to the date he filed his habeas petition. *Walker*, Case No. 5:15cv25/MW/EMT, 2016 WL 1426011, at *1 (N.D. Fla. Mar. 18, 2016), *Report and Recommendation Adopted by*, 2016 WL 1436672, at *1 (N.D. Fla. Apr. 10, 2016). Walker's constitutional challenges to this DR are moot.

With respect to DR Log #150-180842, Walker was sentenced to 60 days in disciplinary confinement on August 7, 2018, but he was given credit for 30 days of administrative confinement "for a total of thirty (30) days disciplinary confinement time remaining to serve" (Ex. C at 1–2). Walker lost no gain time (*id.*). He does not dispute he completed service of his term of disciplinary confinement prior to filing this habeas actin. Therefore, Walker's constitutional challenges to this DR are also moot.

Finally, with respect to DR Log #150-180885, Walker was sentenced to 15 days in disciplinary confinement on August 23, 2018 (Ex. D at 1–2). On September

21, 2018, the DR was overturned during the appeal process (*id.*). Walker's challenges to this DR are moot.

In sum, because Walker completed service of his sentences in disciplinary confinement by the time he filed his § 2254 petition, on January 31, 2019 (*see* ECF No. 1 at 26, 28), his challenges to all of the DRs are moot.

Walker's contention that the disciplinary decisions will delay his release on parole, or adversely affect his presumptive release date, does not remove the mootness impediment. Walker is serving a life sentence (*see* ECF No. 13 at 16). Florida's parole system creates no constitutional right to release on parole. *See Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir. 1986); *Hunter v. Fla. Parole & Probation Comm'n*, 674 F.2d 847, 848 (11th Cir. 1982). Walker does not have a legitimate expectation of liberty or right to expect release on a certain date even if he has been given a presumptive parole release date. *See Tooma v. David*, 381 F. Appx. 977, 979 (11th Cir. 2010) (unpublished). Further, the Florida parole authority has discretion to give such weight as it might deem necessary, or no weight at all, to administrative disciplinary decisions. *See Ferguson v. Buss*, No. 4:10cv232/MMP/WCS, 2011 WL 3625703, at *1 (N.D. Fla. June 17, 2011) (unpublished), *Report and Recommendation Adopted by*, 2011 WL 3611407 (N.D. Fla. Aug. 17, 2011). Any effect of the DRs on Walker's presumptive parole release

date or future parole prospects is too speculative to satisfy the "live case or controversy" requirement of Article III. *See Sandin v. Conner*, 515 U.S. 472, 487, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (holding that the chance that a finding of misconduct will alter the decision to release on parole is too attenuated to invoke the procedural guarantees of the Due Process Clause); *see also, e.g.*, *Walker*, 2016 WL 1426011, at *2 (N.D. Fla. Mar. 18, 2016), *Report and Recommendation Adopted by*, 2016 WL 1436672, at *1 (N.D. Fla. Apr. 10, 2016).

The court is also aware of a recognized exception to the general rule of mootness in cases that are "capable of repetition, yet evading review." *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982). "[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) (citation omitted). To qualify for the exception, two elements must be simultaneously present: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, *and* (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Murphy*, 455 U.S. at 482 (emphasis added). "[T]here must be a 'reasonable expectation' or a 'demonstrated probability' that the

*same controversy* will recur involving the same complaining party." *Id.* at 482 (emphasis added).

This exception does not apply to Walker's petition, because he has not shown a reasonable expectation he will be subjected to the same alleged illegalities in disciplinary proceedings again.  Although Walker asserts due process and First Amendment challenges to all four of the DRs at issue, the challenges are specific to the nature and facts of each underlying offense and the investigation and adjudicatory proceeding that followed.  This case does not qualify as an "exceptional situation" in which the capable-of-repetition doctrine applies.  *See, e.g., Medberry v. Crosby*, 135 F. App'x 333, 334–35 (11th Cir. 2005) (unpublished but recognized as persuasive authority) (state prisoner's moot habeas petition challenging placement on close management status because of disciplinary problems, filed more than one year after he was released from close management, did not qualify for "capable-of-repetition but evading review" exception; although petitioner presented numerous administrative reports detailing his interaction with prison authorities and his placement in close management, the reports and grievances did not show that the same circumstances about which he complained in his habeas petition were the impetus for any later placement in close management or repeatedly gave rise to the

discipline; instead, the various reports and grievances show that petitioner often received discipline).

## III.  CONCLUSION

None of the disciplinary decisions challenged in this habeas action affected the duration of Walker's state criminal sentence. And Walker was no longer serving any administrative sentence of disciplinary confinement at the time he filed his federal habeas petition. Therefore, his petition is moot. Any alleged effect that the disciplinary decisions may have on Walker's release on parole are too speculative to qualify as collateral consequences. And this is not a case where the capable-of-repetition-yet-evading-review exception applies. Therefore, Walker's habeas petition should be dismissed as moot.

## IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 773, 197 L. Ed. 2d 1 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.That Respondent's motion to dismiss (ECF No. 13) be **GRANTED**;

2.That Petitioner's challenges to DR Log # 110-141590, #110-051410, #150-180842, and # 150-180885 be **DISMISSED as moot**;

Case No.:  4:19cv70/MW/EMT

3	That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 26<u>th</u> day of September 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**